RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0101p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DOUGLAS WALTER GREENE,

       *Plaintiff-Appellant*,

 *v.*

FROST BROWN TODD, LLC, MARK FRANCIS SOMMER, and TONY C. COLEMAN (16-6761); INDEPENDENT PILOTS ASSOCIATION, ROBERT TRAVIS, ERICK GERDES, THOMAS KALFAS, BILL CASON, and HARRY TREFES (16-6763); UNITED PARCEL SERVICE CO. and INDEPENDENT PILOTS ASSOCIATION (16-6772),

       *Defendants-Appellees*.

Nos. 16-6761/6763/6772

_____

Appeal from the United States District Court for
the Western District of Kentucky at Louisville.
Nos. 3:14-cv-00619; 3:14-cv-00628; 3:15-cv-00234;
Thomas B. Russell, District Judge.

Decided and Filed:  May 9, 2017

Before:  SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

The court delivered an order.  GRIFFIN, J. (pp. 3–5), delivered a separate opinion concurring in the result only.

_____

**ORDER**

_____

The plaintiff, Douglas Walter Greene, moves pursuant to Sixth Circuit Rule 45(c) to reconsider the January 13, 2017, clerk's orders denying him electronic filing privileges.  Greene sought leave to file electronically in December 2016, citing an overseas address and frequent travel.  Consistent with the rules of our court, the clerk denied the motions and directed him to

file in paper.  *See* 6 Cir. R. 25(b)(2)(A).  As grounds for reconsideration, Greene cites the relative lack of financial and administrative resources as compared to the defendants.

While Greene has demonstrated an historic ability to navigate CM/ECF, he does not here justify disregarding local rule.  All future filings shall be made in paper.  He may register with PACER as a Public Interested Person to receive notices of docket activity and monitor real-time case progress.  The motions to reconsider are DENIED.

_____

## CONCURRING IN THE RESULT ONLY

_____

GRIFFIN, Circuit Judge, concurring in the result, only.  Because our court rules currently do not afford plaintiff Douglas Walter Greene the privilege of filing electronically, I concur in the result, only.  I write separately because it is time for us to amend our rules and permit litigants like plaintiff to move for electronic filing privileges.  Were plaintiff permitted to do so, I would allow him to file electronically in this case.

Our general rule is that "[a]ll documents must be filed electronically using the Electronic Case Filing (ECF) system[.]"  6th Cir. R. 25(a)(1).  However, we exempt pro se filers from this requirement, and instead mandate that all in pro per filings "be filed in paper format[.]"  6th Cir. R. 25(b)(2)(A).  This rule is unbending—it does not allow us to consider a pro se litigant's reasonable request to file electronically.  *See id.*; *see also* 6th Cir. Guide to Elec. Filing, § 3.3 (Aug. 16, 2012) ("No unrepresented party may file electronically; unrepresented parties must submit documents in paper format.").  In my view, we should reevaluate this rule that irrationally treats pro se litigants differently and is in conflict with the policies of a majority of our sister circuits and district courts within this circuit.

Pro se litigants have the right to be heard in federal courts and represent themselves. Derived directly from section 35 of the Judiciary Act of 1789, 28 U.S.C. § 1654 guarantees the right to proceed pro se in civil actions in federal courts.  It provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Indeed, "[t]he Framers [n]ever doubted the right of self-representation, or imagined that this right might be considered inferior to the right of assistance of counsel."  *Faretta v. California*, 422 U.S. 806, 832 (1975).

All but one of our sister circuits make this right more meaningful by either affording pro se litigants the privilege of filing electronically as a matter of course (First, Third, Eighth, and

Ninth),[1] or with permission (Second, Fourth, Fifth, Seventh, Tenth, and D.C.).[2]  The Eleventh Circuit is the only other circuit to categorically bar pro se litigants from filing electronically.[3] *See* 11th Cir. R. 25-3(a); 11th Cir. Guide to Elec. Filing, §§ 4.5(1), 4.6 (Dec. 2016).

Not only is our policy at odds with the prevailing view of the circuits, it is also discordant with the practice of most of the district courts within this circuit.  Of these districts, only the Western Districts of Michigan and Tennessee still prohibit pro se e-filers without exception.[4] The remaining seven allow pro se e-filers in some form.[5]

It might be argued that our blanket policy saves judicial resources.  A pro se litigant can be unduly prolific, filing excessive motions, briefs, and exhibits without regard to word and page limits.  And where such limits are not enforced, the court and opposing parties may be left to decipher lengthy filings that are, at worst, unintelligible.  But this is true irrespective of how the pro se litigant files.  Indeed, a document filed by paper must be scanned and then placed on our docket electronically; ECF filing simply skips a step.

The specter of these potential costs is not a sufficient reason to hinder *this* plaintiff's ability to conduct his own case.  He works overseas in remote locations, making it more effective and efficient to manage his case by filing through ECF (*see, e.g.*, No. 16-6761, R. 5 p. 2), a tool unavailable to a public interested party through PACER.  *See generally* 6th Cir. Pub. Interested

---

[1]*See* 1st Cir. R. 25.0(a) (incorporating Admin. Order Regarding Case Mgmt./Elec. Case Files Sys., 2 (Sept. 14, 2009)); 3d Cir. R. 25.1(c), 113.2(b); 8th Cir. R. 25A(a); 9th Cir. R. 25–5(a).

[2]*See* 2d Cir. R. 25.1(b)(3); 4th Cir. R. 25(a)(1); 5th Cir. R. 25.2.1; 7th Cir. R. 25(d) (incorporating 7th Cir. Elec. Case Filing User Manual, 7 (March 2015)); 10th Cir. R. 25.3 (incorporating 10th Cir. CM/ECF User's Manual, § II.A.2 (Dec. 2016)); D.C. Cir. R. 25(b)(2).

[3]The First and Fifth Circuits limit electronic filing to non-incarcerated pro se litigants.  *See* 1st Cir. R. 25.0(a) (incorporating Admin. Order Regarding Case Mgmt./Elec. Case Files Sys., 2 (Sept. 14, 2009)); 5th Cir. R. 25.2.1.

[4]*See* W.D. Mich. Civ. R. 5.7(d)(i), Crim. R. 49.10(d)(i); W.D. Tenn. R. 3.2 (incorporating W.D. Tenn. Elec. Case Filing Pol'ys & Procs. Manual, § 3.3 (Dec. 1, 2016)).

[5]*See* E.D. Mich. R. 5.1.1(a) (incorporating E.D. Mich. Electronic Filing Pol'ys & Procs., R3(a) (Dec. 2016)); N.D. Ohio Civ. R. 5.1(c), Crim. R. 49.2(c); S.D. Ohio Civ. R. 1.1(e) (incorporating S.D. Ohio Elec. Filing Pol'ys & Procs. Manual, § 1.1 (Feb. 22, 2013)); M.D. Tenn. LR 5.03(a) (incorporating M.D. Tenn. Amended Pracs. & Procs. for Elec. Case Filing (ECF), § 7 (Aug. 21, 2015)); E.D. Tenn. LR 5.2(e) (incorporating E.D. Tenn. Elec. Case Filing Rules & Procs. § 5); Joint Ky. LR 5.4 (incorporating Joint Ky. Amended Elec. Case Filing Admin. Pol'ys & Procs., § 2(c) (Dec. 2016)).

Person Manual (Oct. 15, 2014).  The district court permitted plaintiff to file electronically, and he competently navigated ECF.  There is no reason to now assume he would not be a competent electronic filer in this court.  Moreover, his filings were comprehensible enough to allow the opposing parties to respond and the district court to reach a decision.  And he would be subject to the same word and page limits as any attorney appearing before this court.  In my view, this plaintiff has shown good cause.

Our rule irrationally treats this plaintiff differently, and were I permitted, I would allow him to file electronically in this case.  However, I concur in the result, only, because our court rules currently do not afford pro se litigants like plaintiff the opportunity to exercise that privilege.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk